UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CAROLYN COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>JOYCE MEYER MINISTRIES,<br><br>        Defendant. | Case No. 21-cv-00160-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 7 |

## INTRODUCTION

The plaintiff, who is representing herself, sued the defendant, Joyce Meyers Ministries, in state court for negligence, defamation, and fraud after it allegedly refused to return her donation, resulting in the alleged loss of wages of $700,000.[1] The parties are diverse. The defendant removed the case to federal court based on diversity jurisdiction and moved to dismiss the complaint because (1) the claims are unintelligible (and thus are not plainly pled under Federal Rule of Civil Procedure 8(a) or plausible), (2) the plaintiff did not plead fraud with particularity, and (3) the applicable statutes of limitations bar the claims.[2] The court can decide the motion without oral argument and grants the motion. N.D. Cal. Civ. L. R. 7-1(b).

---

[1] Compl., Ex. A to Notice of Removal – ECF No. 2-1 at 5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 2; Mot. – ECF No. 7 at 2.

ORDER – No. 21-cv-00160-LB

## STATEMENT

The parties are diverse: the plaintiff resides in San Jose, and the defendant — a Christian non-profit organization that teaches people how to apply the biblical truth to their lives — is incorporated and has its principal place of business in Missouri.[3]

The plaintiff's complaint is California's check-the-box form complaint. In it, she claims the church failed to return a church donation. As a result, from 2014 to 2020, she suffered a "conservative" loss of $700,000 in lost wages. She alleges "defamation of federal/state securities license (2012–2018) CA Life License (2005–2020)." She alleges that the defendant was negligent from "12/30/2013 → 2/20 →10/2020." As a basis for liability, she alleges the following:

1) 3/2020–10/2020 ongoing pursuit of work or charity
2) Not returning church donation (under pretense of fraud appearance due to my series 6 and 63 state and federal securities license). Also Licensed with State of California Insurance (Sec 2012–2018) (Life License 2005–2020).
3) Complete loss of earning capacity due to reporting of fraud/church donation 12/2013 (12/20–12/30/2013) Western Union.
4) Reported church donation to 1) IC3.gov
   2) CA Life License Board
   3) IRS nonprofit activity[4]

The defendant moved to dismiss the case. The plaintiff did not file an opposition but sent at least 43 emails as of February 12, 2021 and more since then. The emails often are about other topics, sometimes reference other cases involving the defendant, and include the plaintiff's request to dismiss this case so that she can pursue it in state court.[5] All parties consented to magistrate-judge jurisdiction.[6]

---

[3] Compl., Ex. A to Notice of Removal – ECF No. 2-1 at 2; Notice of Removal – ECF No. 2 at 3 (¶ 11); *see* Motion – ECF No. 7 at 3 (describing the defendant's mission).

[4] Compl., Ex. A to Notice of Removal – ECF No. 2-1 at 3–5. The defendant says that it has no record of any charitable donation by the plaintiff. Mot. – ECF No. 7 at 3. At the pleadings stage, the court's analysis is limited to the allegations in the complaint.

[5] Excerpt of Emails – ECF No. 18. The emails were too voluminous to scan and file all of them.

[6] Consents – ECF Nos. 6 & 10.

# JURISDICTION

The defendant removed the case from state court under 28 U.S.C. § 1441(a) and thus has the burden of establishing that the court has diversity jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The court has diversity jurisdiction because the parties are diverse and the amount in controversy (given the plaintiff's claimed damages of $700,000) exceeds $75,000. 28 U.S.C. § 1332(a).

# LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

Fraud allegations elicit a more demanding standard. Rule 9(b) provides: "In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *See, e.g., In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (quotation omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer").

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

The plaintiff claims negligence, defamation, and fraud based on the defendant's alleged failure to return her donation. (The other allegations are about her alleged damages.) The alleged failure to return the donation is not negligence, defamation, or fraud.

The elements of a negligence claim are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damage. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).

The elements of a claim for defamation under California law are (1) an intentional publication, (2) that is false, (3) defamatory, and (4) unprivileged, and (5) that has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

The elements of fraud are (1) a misrepresentation, (2) knowledge of falsity, (3) an intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Because the plaintiff pleads no facts to support her claims, she does not state a claim under Rule 8. Refusing to return a donation is not discernably negligence or defamation. And the plaintiff does not plead any of the elements of fraud with particularity. Fed. R. Civ. P. 9(b).

The claims also seemingly stem from conduct in 2013. If this is true, the statutes of limitation bar the claims. Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for negligence); *id.* § 340(c) (one-year statute of limitations for defamation); *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246 (2003) (same); *id.* § 338(d) (three-year statute of limitations for fraud).

## CONCLUSION

The court dismisses the complaint with leave to amend by March 14, 2021 if the plaintiff can cure the deficiencies that the court has identified. The court asks the plaintiff to please confine her communications to court filings (as opposed to emails).

**IT IS SO ORDERED.**

Dated: February 22, 2021

_____
LAUREL BEELER
United States Magistrate Judge